# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 9, 2010

No. 10-40096
Summary Calendar

Lyle W. Cayce
Clerk

ELVA FLORES, as Next Friend for Rosa Flores; ROSA FLORES,

Plaintiffs - Appellants

v.

MICHAEL JARAMILLO, in his individual capacity; RICHARD MILLER;
ALBERT MARTINEZ,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CV-98

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rosa Flores filed suit against three law enforcement officers, alleging they committed constitutional violations resulting in an infringement of civil rights. *See* 42 U.S.C. § 1983. The district court granted summary judgment in favor of the officers, holding them protected from suit by qualified immunity. On appeal, Flores argues there was evidence meriting jury consideration. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40096

The evidence shows that during the execution of a search warrant in Alice, Texas, Flores complained of or exhibited some health problems. She alleges that the officers denied her requests for access to her anti-anxiety medication. About twenty minutes into the search, officers summoned emergency medical services (EMS) to treat Flores. EMS responded, treated Flores, and left the scene. Shortly after EMS left, officers called EMS again. EMS responded again, and this time transported Flores to the hospital. At some point, Flores had cardiac arrest and lapsed into a coma. She remains in a coma as of this appeal.

Based on these events, Flores filed suit in the U.S. District Court for the Southern District of Texas, alleging that the Defendants displayed deliberate indifference by delaying access to medical care in violation of the Fourteenth Amendment. Defendants Jaramillo and Martinez are officers with the Alice Police Department, and Defendant Miller is a deputy in the Jim Wells County Sheriff's Department. The district court found the officers subject to qualified immunity and granted summary judgment in their favor.

We review the grant of a motion for summary judgment *de novo* and apply the same standards as the district court. *Hill v. Carroll County, Miss.*, 587 F.3d 230, 233 (5th Cir. 2009). Summary judgment is appropriate where the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In this determination, we view the disputed facts and inferences in the light most favorable to the non-moving party. *Hill*, 587 F.3d at 233.

To determine whether a government official is entitled to qualified immunity, we conduct a two-step analysis. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). There is no qualified immunity where (1) the defendant violated the plaintiff's constitutional rights, and (2) the defendant's action was "objectively unreasonable in light of clearly established law at the time of the conduct in

2

No. 10-40096

question." *Freeman v. Gore*, 483 F.3d 404, 410-11 (5th Cir. 2007) (citation omitted). We examine the conduct from "the viewpoint of a reasonable official in light of the information then available to the defendant and the law that was clearly established at the time of the defendant's actions." *Id.* at 411.

The officers do not dispute that Flores should be considered a pretrial detainee at the time of the events in question. The Fourteenth Amendment provides that government officials may not disregard the "basic human needs" of pretrial detainees, which include medical care. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). An official violates this clearly established right if actions are taken with deliberate indifference to the detainee's serious medical needs. *Id.* at 647-48. Deliberate indifference is shown where the official "knew of and disregarded an excessive risk to the inmate's health or safety." *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001).

Mere negligence is not sufficient to show deliberate indifference to medical needs. *Id.* "Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (citation and quotation marks omitted). A delay in treatment is a constitutional violation only where "there has been deliberate indifference [that] results in substantial harm." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (citation and quotation marks omitted) (alteration in original).

We cannot conclude that the officers had subjective knowledge that Flores was in serious medical danger and that they deliberately disregarded that danger. The officers denied Flores access to medication during the execution of the warrant, but they also summoned emergency medical personnel once they were actually aware of the seriousness of her condition. Though the officers' course of action may even have been negligent, it certainly does not evince a

3

"wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 756. Once emergency medical personnel arrived, Flores does not allege that the officers interfered with her treatment in any way.

Flores alleges an approximately twenty-minute delay between when she first complained of health problems and when EMS was called. While a delay in treatment may support a finding of deliberate indifference, Flores has offered no evidence from which we can infer that the delay in treatment attributable to the officers caused substantial harm. *See Easter*, 467 F.3d at 463. A doctor who treated Flores testified that a stressful event could cause heart palpitations and cardiac arrest, and that a drug such as the one Flores was prescribed may reduce such stress in about fifteen to thirty minutes. However, he was not able to testify as to whether the delay itself caused Flores any harm.

Flores has not shown a violation of a clearly established right, and our qualified immunity analysis ends there. The officers are immune from suit.

AFFIRMED.