# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 3, 2011

No. 10-20120

Lyle W. Cayce
Clerk

MIKE MENDOZA, JR.,

Plaintiff - Appellant

v.

CHRIS STRICKLAND; CYNTHIA MOSLEY; MARIA DELGADO;
JENNIFER CALDWELL,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-1019

Before GARZA, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mike Mendoza, Jr. ("Mendoza") appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Mendoza contends that the defendants interfered with his constitutional right to access the courts while he was a federal pretrial detainee housed at the Joe Corley Detention Facility in Texas. He also alleges that Cynthia Mosley ("Mosley"), the prison's law librarian,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

retaliated against him for filing a grievance by deleting his application for post-conviction relief from a computer in the prison's law library. According to Mendoza, the defendants' constitutional violations hindered the litigation of his federal case and the filing of his state application for post-conviction relief. For the reasons set forth below, we AFFIRM the district court's dismissal of Mendoza's complaint.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Mendoza filed a civil rights complaint under 42 U.S.C. § 1983 in federal court seeking damages of over two million dollars from the defendants for their alleged constitutional violations.[1] In the complaint, Mendoza alleged, among other things, that the defendants would not allow him sufficient access to the prison's law library, charged him for making copies, failed to provide books on Texas law to enable him to bring a post-conviction challenge to his state murder conviction, and stole his pro se law book. According to Mendoza, these actions forced him to "plea out on his federal case." Additionally, he alleged that Mosley retaliated against him by deleting the copy of his state habeas application on the computer in the prison's library because he complained to another official that Mosley did not allow him to access the law library.

The district court dismissed Mendoza's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A as frivolous and for failure to state a claim. Mendoza filed a timely notice of appeal, and the district court granted his motion to proceed *in forma pauperis* ("IFP") on appeal. Mendoza argues that the district

---

[1] Section 1983 provides a cause of action against any person who, acting under color of *state* law, deprives any U.S. citizen or other person within the jurisdiction of the United States of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. However, because Mendoza was housed in a *federal* detention facility, this statute does not apply. *See Wilkinson v. Dotson*, 544 U.S. 74, 87 (2005) (Scalia, J., concurring) (noting that "federal prisoners, whose custodians are not acting under color of state law[,]" cannot sue under § 1983). Instead, we treat this action as one brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See Stephenson v. Reno*, 28 F.3d 26, 27 n.1 (5th Cir. 1994) (treating a prisoner's § 1983 claim against federal officials as a *Bivens* claim).

court erred in dismissing his complaint because the court did not consider the fact that he was proceeding pro se in challenging his state murder conviction and did not consider his retaliation claim before dismissing the complaint.[2]

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over Mendoza's appeal pursuant to 28 U.S.C. § 1291. An IFP complaint that the district court deems frivolous may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). We review a dismissal under § 1915(e)(2)(B)(i) for an abuse of discretion. *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998). We review dismissals for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A de novo. *Ruiz*, 160 F.3d at 275. Because the district court dismissed Mendoza's complaint as both frivolous and for failure to state a claim, we review the issues raised on appeal de novo. *Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003). Additionally, because Mendoza proceeds pro se, we hold his complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, "[e]ven a liberally construed pro se civil rights complaint . . . must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

## III. ANALYSIS

A.   <u>Denial of Access to the Courts</u>

Prisoners have a constitutional right to access the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, the Supreme Court's decision in *Bounds* did not establish that prisoners have a right to a law library or legal assistance. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). Rather, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for assuring 'a reasonably adequate opportunity to present claimed

---

[2] Mendoza's brief raises eight issues; however, he essentially challenges the district court's dismissal of his complaint for the two reasons we set forth.

violations of fundamental constitutional rights to the courts.'" *Id.* at 351 (quoting *Bounds,* 430 U.S. at 825). Therefore, a prisoner alleging a violation of *Bounds* must demonstrate an actual injury. *Id.* According to the Supreme Court, the right to access the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Because of the actual injury requirement, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.*

In his complaint, Mendoza alleged that the defendants interfered with the defense of his federal criminal case and the pursuit of state post-conviction relief. The district court assumed that Mendoza was only complaining of interference with his federal criminal case, which was an understandable reading of his contention that defendants' actions caused him to "plea out his *federal* case." (emphasis added). The district court correctly determined that Mendoza could not state a claim on this basis because he was represented by counsel and, therefore, his right to access the courts had not been infringed. *See Tarter v. Hury*, 646 F.2d 1010, 1014 (5th Cir. 1981) (dismissing a complaint for failure to state a claim because "[a]s long as a criminal defendant is represented by counsel, he will be able to present matters for decision to the court through motions filed by his attorney.").

Even assuming arguendo that Mendoza's amended complaint includes a claim that the defendants interfered with the pursuit of his state post-conviction challenge, in which he proceeded pro se, we conclude that Mendoza failed to plead an actual injury, as required by the Supreme Court in *Harbury*. Under *Harbury*, the underlying cause of action is an element which must be affirmatively pleaded. 536 U.S. at 415. In order to demonstrate actual injury,

the complainant must show that the underlying cause of action was "arguable" and "non-frivolous." *Id.* Mendoza failed to provide any information about his state post-conviction application from which this court can conclude that the post-conviction application contained a "non-frivolous," "arguable" underlying claim. Additionally, the record demonstrates that after Mendoza filed his complaint in this case, he was, in fact, able to file his post-conviction application in Texas state court. We therefore affirm the district court's dismissal of his claim that the defendants interfered with his access to the courts.

B.    Retaliation

Prison officials "may not retaliate against or harass an inmate for complaining through proper channels about a guard's misconduct." *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). To state a claim for retaliation, the prisoner must allege: "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Id.* We have previously held that, with respect to the fourth element, "[t]he inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may be plausibly inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (citation and internal quotation marks omitted).

The district court did not address Mendoza's allegation that Mosley retaliated against him for complaining about her by deleting his post-conviction application from the law library's computer. Rather, the court dismissed the complaint in its entirety. Mendoza waived objections to the dismissal of his retaliation claim, however, because he failed to brief the issue. *See Fletcher v. Outlaw*, 578 F.3d 274, 277 (5th Cir. 2009)*; Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). "Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." *Yohey*, 985 F.2d at 225 (quoting *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir.

1988)).  Additionally, even applying the more liberal pleading standard for pro se plaintiffs set out in *Haines,* 404 U.S. at 520, Mendoza's complaint fails to state a claim because he failed to allege a chronology of events from which we can plausibly infer retaliation.[3]  *See id*.

Mendoza's amended complaint alleges that Mosley retaliated against him from "Oct 06, 08 till she was fired in Feb. 08."  Although the record before the district court shows that Mendoza filed an administrative grievance in April 2009, we cannot infer that Mosley retaliated against him for filing a grievance, because he alleged that Mosley was fired in February 2008.  Even assuming that Mendoza intended to state that Mosley was fired in February 2009, this date is still before the grievance date. Therefore, we conclude that Mendoza failed to state a claim for retaliation, and the district court did not err in dismissing Mendoza's complaint in its entirety.

## IV.  CONCLUSION

The district court's dismissal of Mendoza's complaint is AFFIRMED.

---

[3] Because "[w]e can affirm on any basis supported by the record," *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999), we find it unnecessary to remand the case for the district court to address this issue.