# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50375
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2014

Lyle W. Cayce
Clerk

PATRICK UZOMBA,

Plaintiff-Appellant

v.

UNIVERSITY HEALTH SYSTEMS, B.C.A.D.C., and Employees; JAMES
ANDERSON, B.C.A.D.C.; CHAN CHOON, B.C.A.D.C.; K. WHITELEY,
B.C.A.D.C.,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CV-177

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Patrick Uzomba, now former Bexar County detainee # 881642, seeks
leave to proceed in forma pauperis (IFP) on appeal from the district court's
dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state
a claim pursuant to 28 U.S.C. § 1915A(b)(1). Uzomba filed suit against
University Health Systems and its employees for the denial of medical

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 13-50375

treatment and retaliation while he was incarcerated in Bexar County Adult Detention Center.  By moving to proceed IFP, Uzomba is challenging the district court's certification that the appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  We may dismiss the appeal if it is frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

A prison official can be found liable for the denial of adequate medical care if he is aware of and disregards a substantial risk of serious harm to the convicted prisoner, *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994), or pretrial detainee, *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639, 650 (5th Cir. 1996) (en banc).  A delay in medical treatment is not actionable unless the defendants were deliberately indifferent to a serious medical need and their indifference resulted in substantial harm.  *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

With respect to the time period during which Uzomba received delayed medical treatment for his knee problems, including pain medication and a walking cane, and hypoglycemia, he has not demonstrated that any delay resulted in substantial harm.  In that regard, he asserted only general, conclusory damages that could result from the delay in medical care, and he made no allegations of pain.  *See Mendoza*, 989 F.2d at 195; *see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010).  In addition, his disagreement with a doctor's decision to order blood sugar monitoring instead of placing him on a special diet in connection with his hypoglycemia does not constitute deliberate indifference.  *See Gobert v. Caldwell*, 463 F.3d 339, 346

(5th Cir. 2006).  Regarding the time period after Uzomba's pain medication and walking cane were taken away and not returned to him and he was denied knee surgery, he has not shown that the defendants' conduct clearly evinced "a wanton disregard for any serious medical needs."  *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citation omitted).    The record contains only Uzomba's conclusory allegations that he needed a walking cane and knee surgery, and there is no indication that he asked to be placed back on pain medication.

Uzomba's retaliation claims are without merit.  He alleged that he was retaliated against after he complained of the conditions in the infirmary and after he filed a grievance against a nurse.  Uzomba did not raise in the district court a retaliation claim based on his filing a complaint against the nurse; therefore, we decline to address that argument here.  *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).  Because Uzomba did not allege the date upon which he filed grievances, he has not alleged a chronology of events from which retaliation may be plausibly inferred.  *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999); *Woods v.Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995); *see also Mendoza v. Strickland*, 414 F. App'x 616, 617 & n.1, 619 (5th Cir. 2011) (applying *Woods* to the retaliation claim of a pretrial detainee).

The district court did not err in denying Uzomba's motion to amend the judgment because he failed to demonstrate a manifest error of fact or law and failed to present newly discovered evidence; he reiterated the claims in his § 1983 complaint and raised arguments that could, and should, have been made before the judgment issued.  *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).  Likewise, because an adverse judicial ruling is insufficient to warrant recusal, Uzomba has not shown that the district court erred in

denying his motion to recuse. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). In addition, Uzomba has abandoned any claim in connection with the denial of eyeglasses and an eye examination for his failure to brief the issue. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999). Finally, regarding Uzomba's claims of deliberate indifference and retaliation in connection with his subsequent arrest and incarceration in the detention center, these claims were not raised before the district court. Thus, we shall not address them here. *See Theriot*, 185 F.3d at 491 n.26.

Uzomba has not shown that the district court erred in certifying that his appeal was not taken in good faith, and his IFP motion is denied. *See Baugh*, 117 F.3d at 202. The instant appeal is without arguable merit and is dismissed as frivolous. *See id.* at 202 n.24; *Howard*, 707 F.2d at 219-20; 5TH CIR. R. 42.2.

This court's dismissal and our dismissal of this appeal count as two strikes for purposes of the "three strikes" bar under § 1915(g). *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Uzomba is warned that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.