# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51152

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2016

Lyle W. Cayce
Clerk

PATRICK UZOMBA,

Plaintiff-Appellant

v.

BEXAR COUNTY ADULT DETENTION CENTER; SERGEANT GARCIA; FNU RAMDASS; FNU ALADNA, Badge #1014; FNU TENA-MORA, Badge #1437; DANIEL, S.A.P.D. Officer; J. MARTIN, S.A.P.D. Officer, Badge #1193; DR. K. WHITLEY, Medical Doctor; SERGEANT BERRY, B.C.A.D.C Sheriff at Jail; UNIVERSITY HEALTH SYSTEM; CITY OF SAN ANTONIO; SHERIFF JOHN DOE; SHERIFF JOHN #2 DOE; COURT APPOINTED ATTORNEY; ROJAS, S.A.P.D. Officer,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:14-CV-372

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Patrick Uzomba, Texas prisoner # 881642, has filed a motion to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint. He seeks to challenge the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determination that he was barred from proceeding IFP in the district court by the three-strikes provision of 28 U.S.C. § 1915(g). Uzomba moves, in the alternative, for an extension of time to file a brief after this court provides him with certain legal documents filed in the district court, which he claims have been confiscated by either jail officials or the police, and without which he will be "prejudiced in his brief." Uzomba has also filed a separate motion for injunctive relief, in which he seeks the return of his medically prescribed walking cane and a medical evaluation.

Under § 1915(g), a prisoner may not proceed IFP in an appeal of a judgment in a civil action if the prisoner has, on three or more prior occasions, while incarcerated, brought an action or appeal that was dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. § 1915(g). "[A] prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP." *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).

Uzomba argues that the § 1915(g) bar should not apply because he is under imminent danger of serious physical injury. He claims that personnel at the facility where he is a pretrial detainee confiscated his medically prescribed walking cane without reason, placing him in imminent danger of irreparable harm to his injured knee. As the district court pointed out, though, Uzomba has made similar claims of delayed medical treatment for his knee problems, including providing a cane, and those claims were dismissed as frivolous for failure to show substantial harm. *See Uzomba,* 558 F. App'x at 474. Furthermore, based on the allegations in his past lawsuits, Uzomba has been suffering from knee problems for years, and, therefore, he cannot claim

that serious injury to his knee is imminent if he is not provided a walking cane prior to his release. *See id.*

Because Uzomba has not made the showing required to overcome the § 1915(g) bar, his motion for leave to proceed IFP on appeal is denied. For the same reason, any appeal of the district court's dismissal of his suit as barred under § 1915(g) is frivolous and is dismissed. *See* 5TH CIR. R. 42.2; *Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997). Uzomba's alternative request for an extension of time is denied as his request for injunctive relief.

The dismissal of this appeal as frivolous counts as yet another strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Uzomba is reminded of the three-strikes bar and is cautioned that future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions.

IFP DENIED; MOTION FOR EXTENSION DENIED; MOTION FOR INJUNCTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.