# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 2, 2018

Lyle W. Cayce
Clerk

No. 16-51422

JANA CHILDERS, Individually and as Executrix for the Estate of Jesse Childers; THE ESTATE OF JESSE CHILDERS, Deceased,

     Plaintiffs - Appellants

v.

SAN SABA COUNTY; ALLEN BROWN, Individually and in His Official Capacity as San Saba County Sheriff,

     Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CV-916

Before STEWART, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:*

     Jesse Childers, who had heart trouble, was arrested and incarcerated in San Saba County Jail for 16 hours. He missed one dose of his heart medicine. He died twenty-five days later. His widow filed this § 1983 action, complaining that Sheriff Allen Brown failed to both retrieve Jesse's heart medication and

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51422

offer medical care for his symptoms. For the reasons that follow, we affirm the district court's dismissal on summary judgment.

I.

Jesse Childers was arrested on October 3, 2012 and taken to San Saba County Jail around 5:45 p.m. During intake, Jesse listed allergy medicine, glucosamine, and muscle relaxers as his current medications. He answered "yes" to past treatment for "hypertension" and "heart trouble" and "no" to whether any medications, prescriptions, or current medical problems needed attention.[1] Nevertheless, Rodney Miller, a jail trustee, overheard Jesse ask Sheriff Allen Brown for his heart medication, explaining it was "the only thing keeping [him] alive." Childers did not have his medication with him, and according to Miller, Brown took no steps to provide it. His wife, however, brought other medication to the jail for Jesse, including his muscle relaxers. Jesse's heart medicine, metoprolol, was not among those medications.

Later that evening and into the next morning, Jesse experienced chest pain, a racing heart, shortness of breath, and nausea. He was, upon his request, given the muscle relaxers and ibuprofen. And when Jesse was released the next morning at 10 a.m., the county officers called EMS to the jail to examine him, but Jesse refused transportation to the hospital. Sometime later, after seeing a cardiologist, Jesse learned that he had "heart failure" and was given four weeks to six months to live. He died on October 28.

II.

Jana Childers filed a Fourteenth Amendment claim against San Saba County and Brown, alleging that the failure to provide Jesse with his heart medication or any additional medical care resulted in his pain and eventual

---

[1] Despite this answer, the court notes that Jesse's "Screening Summary" reflects that he explained his back pain and racing heart required attention.

No. 16-51422

death.  Brown asserted qualified immunity, so the burden was on Jana to show that Brown violated Jesse's clearly established constitutional rights.  *Doe v. Robertson*, 751 F.3d 383, 387 (5th Cir. 2014).  The district court adopted the magistrate's report and recommendation ("R&R") and dismissed all claims. Jana objected to the R&R and now appeals the dismissal of her § 1983 claim against Sheriff Brown in his individual capacity.  The question on appeal is whether the district court erred in finding that there was no dispute of material fact whether Brown violated Jesse's clearly established constitutional rights.[2]

## III.

This court reviews the district court's grant of summary judgment de novo and may affirm on any grounds supported by the record.  *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 348–49 (5th Cir. 2007).

## IV.

Pretrial detainees may bring two distinct legal challenges under the due process clause of the Fourteenth Amendment.  They may attack "conditions of confinement" or "episodic acts or omissions" of an individual official.  *Hare v. City of Corinth*, 74 F.3d 633, 644–45 (5th Cir. 1996) (en banc).  Where, as here, a § 1983 action is based on "episodic acts or omissions," the plaintiff "must show subjective deliberate indifference by the defendants. That is, the plaintiff must show that the official knew of and disregarded a substantial risk of serious harm."[3]  *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419–20 (5th

---

[2] The briefing mentions that "summary judgment for San Saba County should not have been granted."  But that issue is not briefed on appeal, so any challenge to the award of summary judgment in favor of San Saba County is forfeited.  *See United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010).

[3] Although Jana's briefing references an "internal, unwritten jail policy," both the district court's order and Jana's legal argument on appeal focus only on episodic acts or omissions.  *See Scroggins*, 599 F.3d at 446.

3

No. 16-51422

Cir. 2017) (citations omitted). Jana's episodic-acts-or-omissions claim includes two distinct arguments.

First, Jana says that Brown was deliberately indifferent in refusing Jesse's request for his heart medication, metoprolol. But "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which *results in* substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (emphasis added), *cited with approval in Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006); *see also Flores v. Jaramillo*, 389 F. App'x 393, 395 (5th Cir. 2010) (holding same as to pretrial detainee's Fourteenth Amendment rights). Here, there is no evidence that missing one dose of metoprolol caused harm or injury to Jesse. Without such causal evidence, this argument fails. *See, e.g., Uzomba v. Univ. Health Sys., B.C.A.D.C.*, 558 F. App'x 474, 474–75 (5th Cir. 2014); *Lacy v. Shaw*, 357 F. App'x 607, 610 (5th Cir. 2009).

Second, Jana says that Brown was deliberately indifferent in failing to provide Jesse with additional medical treatment when his symptoms onset. As an initial matter, whether Brown knew Jesse was experiencing these symptoms is not clearly evidenced in the record.[4] But even assuming that he did, Brown did not *disregard* a substantial risk of serious harm. To survive summary judgment, Jana "must show that [Brown] 'refused to treat [Jesse], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). That is not the case here.

---

[4] "[P]rison officials cannot be automatically held liable for the errors of their subordinates." *Adames v. Perez*, 331 F.3d 508, 513 n.3 (5th Cir. 2003).

No. 16-51422

Jesse was given the medication provided by his family for his overnight stay, and jail personnel called EMS the morning of his release.[5]  This conduct is in stark contrast to the facts before the court in *Easter v. Powell*, where the prison nurse "turned a deaf ear" and sent an inmate back to his cell "without providing him *any* treatment" for his chest pain.  467 F.3d at 463–64 (emphasis added).  And although the court recognizes that additional medical treatment could have possibly prevented some pain, such negligence does not constitute deliberate indifference to Jesse's serious medical needs.  *See Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006).  In the absence of any evidence showing Brown's wanton disregard for Jesse's serious medical needs, this argument also fails.[6]

V.

In sum, Jana failed to show that Brown exhibited deliberate indifference that resulted in substantial harm to Jesse.  The district court was correct in finding there is no evidence in the record that Brown violated Jesse's clearly established constitutional rights.  Accordingly, the judgment of the district court is

AFFIRMED.

---

[5] Although Elaine Light's affidavit explains, "[T]he people at the jail did nothing," that does not refute the "medication log sheet" showing that Jesse was given muscle relaxers and ibuprofen and the affidavit of jail personnel explaining that EMS was called.

[6] Jana argues that the district court erred in excluding portions of Light's affidavit as hearsay.  But we need not reach that evidentiary issue because, even considering the affidavit in full, the result remains unchanged.