**UNITED STATES of America ex rel.
Gordon Jay THOMPSON,
Appellant,**

v.

**Jacob J. PARKER, Warden, United States
Penitentiary, Lewisburg, Pennsylvania.**

No. 16686.

United States Court of Appeals
Third Circuit.

Argued May 21, 1968.

Decided July 12, 1968.

Certiorari Denied Jan. 20, 1969.

See 89 S.Ct. 701.

William R. Traub, Duane, Morris &
Heckscher, Philadelphia, Pa., for appellant.

Capt. Richard F. Locke, JAGC, Dept.
of Army, Washington, D. C. (Bernard J.
Brown, U. S. Atty., Scranton, Pa., Harry
A. Nagle, Asst. U. S. Atty., Lewisburg,
Pa., on the brief), for appellee.

Before McLAUGHLIN, KALODNER
and STALEY, Circuit Judges.

OPINION OF THE COURT

STALEY, Circuit Judge.

This is an appeal from an order of
the District Court for the Middle District
of Pennsylvania, denying the petition of
Gordon J. Thompson for a writ of habeas
corpus. Appellant is presently incarcerated in the United States Penitentiary,
Lewisburg, Pennsylvania, pursuant to a
conviction and sentence by a general
court-martial for committing premeditated murder, larceny of an automobile, and
reckless driving, in violation of 10 U.
S.C. §§ 918, 921, 911. At his hearing before the district court, the inquiry
centered on appellant's contention that
certain statements admitted into evidence at the court-martial were obtained
in violation of the Fifth Amendment and
Article 31 of the Uniform Code of Military Justice.[1]  After listening to and

---

1. Article 31 of the Uniform Code of Military Justice relates to the prohibition against self-incrimination and appears in 10 U.S.C. § 831.  It provides:

"(a) No person subject to this chapter may compel any person to incriminate himself or to answer any question the answer to which may tend to incriminate him.

"(b) No person subject to this chapter may interrogate, or request any statement from, an accused or a person

evaluating all the testimony on this issue, the district court held, in a memorandum opinion denying the petition, that appellant was accorded due process of law in his military trial and that the military courts gave full and fair consideration to appellant's constitutional claims.

It is contended on this appeal that the district court erred by (1) finding that the military courts gave due consideration to appellant's constitutional claim that the statements taken from him by the military authorities were erroneously admitted into evidence, and (2) limiting the scope of its review to the question of whether full and fair consideration was afforded appellant by the military tribunals.

■ With respect to the first point, our independent study of the record discloses that the district court correctly found that appellant received full and fair consideration by the military authorities concerning the issue of the voluntariness of his statements. Indeed, appellant practically admitted as much at his district court hearing. He stated that his attorneys at the court-martial objected to the admissibility of the statements, "but not quite exactly as strenuously as I am objecting now." He further stated that he was offered the opportunity at his trial to testify as to the voluntariness of the individual statements when offered into evidence but declined to do so on the advice of counsel because his attorneys planned to have him testify about the statements at the end of his trial. When asked by the district court whether he did eventually testify fully concerning the circumstances under which the statements were obtained, appellant answered:

"Yes, sir, for a least a day and maybe a day and a half I was on the stand. I answered both the trial counsel and my lawyer's questions, and the Board and the president of the Board's questions. In fact I believe that the law Officer even asked a couple of questions."

At appellant's district court hearing a representative of the Judge Advocate General's Office stated that prior to the submission of the case to the court-martial members for their decision, the Law Officer instructed the members that they were duty bound to disregard the statements that he had admitted into evidence unless they found beyond a reasonable doubt that such statements were made voluntarily. Appellant does not deny that such an instruction was given nor does he deny that in his briefs on appeal before both the Board of Review and the Military Court of Appeals he argued in great detail that the statements were admitted in violation of his constitutional rights and Article 31 of the Uniform Code of Military Justice. What is challenged, however, is the district court's implicit finding that the appellate military tribunals fully and fairly considered the objections raised by appellant. It is contended that this finding is unwarranted because neither the Board of Review nor the Military Court of Appeals saw fit to discuss his involuntariness claim.

■ We think that appellant's contention is clearly without merit, for we are aware of no requirement that appellate courts, military or otherwise, must

suspected of an offense without first informing him of the nature of the accusation and advising him that he does not have to make any statement regarding the offense of which he is accused or suspected and that any statement made by him may be used as evidence against him in a trial by court-martial.

"(c) No person subject to this chapter may compel any person to make a state-

ment or produce evidence before any military tribunal if the statement or evidence is not material to the issue and may tend to degrade him.

"(d) No statement obtained from any person in violation of this article, or through the use of coercion, unlawful influence, or unlawful inducement may be received in evidence against him in a trial by court-martial."

discuss in detail each and every contention—no matter how specious—of every appellant. The Board of Review in this case quite apparently devoted its opinion to a discussion of only those contentions which appeared to it to be colorably creditable. It did explicitly state, however, that: "We find no merit in any of the 16 assignments of error urged upon us by appellate defense counsel." Subsequently, the Court of Military Appeals denied, in a one sentence order, appellant's petition for grant of review of the decision of the Board of Review. That court, too, obviously thought there was no merit to appellant's assignments of error. And since both these appellate military courts had the benefit of the extensive discussion appearing in appellant's briefs concerning the alleged inadmissibility of his statements, we can only conclude, as did the district court, that appellant received full and fair consideration of his claims in the military courts.

Appellant next contends that the district court erred by relying upon the Supreme Court's decision in Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953), for its holding that a district court's scope of review of proceedings in the military courts is limited to the question of whether or not the military tribunals gave due consideration to the petitioner's constitutional claims. In Burns, supra, the petitioners were found guilty by a court-martial of murder and rape and sentenced to death. After exhausting all military remedies, petitioners applied to a Federal district court for writs of habeas corpus, alleging that they had been denied due process of law, that they had been illegally detained, that coerced confessions had been extracted and that they had been denied effective representation by counsel. The district court, after satisfying itself that the military had complete jurisdiction, dismissed the applications without hearing evidence and without further review. On appeal, the Court of Appeals for the District of Columbia fully considered petitioners' allegations on their merits, reviewed the evidence in the record of the

trial and other proceedings before the military courts, and affirmed. Burns v. Lovett, 91 U.S.App.D.C. 208, 202 F.2d 335 (C.A.D.C., 1952). Thereafter, the Supreme Court granted certiorari and affirmed the judgment of the court of appeals, but made it quite clear that it did not approve that court's procedure of "reweighing each item of relevant evidence in the trial record," especially since it was apparent from the records in the case that the military courts gave fair consideration to each of petitioners' claims.

To correct any possible misunderstanding among the Federal courts as to the proper procedure to be followed in military habeas corpus cases, Mr. Chief Justice Vinson, in Burns, enunciated the following guideline:

"* * * Congress has provided that these determinations [fair determinations of military tribunals] are 'final' and 'binding' upon all courts. We have held before that this does not displace the civil courts' jurisdiction over an application for habeas corpus from the military prisoner. Gusik v. Schilder, 340 U.S. 128, [71 S.Ct. 149, 95 L.Ed. 146] (1950). But these provisions do mean that when a military decision has dealt fully and fairly with an allegation raised in that application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence. Whelchel v. McDonald, 340 U.S. 122, [71 S.Ct. 146, 95 L.Ed. 141] (1950)." 346 U.S. at 142, 73 S.Ct. at 1049.

■■ We have already held in this opinion that the military courts dealt fully and fairly with the instant petitioner's constitutional claims. Under the principle announced in Burns, therefore, the district court, after determining that the military courts had given due consideration to petitioner's contentions, quite correctly refused to review and re-evaluate the facts surrounding petitioner's allegations. As noted by the district court in Swisher v. United States, 237 F.Supp. 921, at 928 (W.D.Mo.1965), aff'd, 354 F.2d 472 (C.A.8, 1966),

"Burns is the law of the land." And both this court and the district courts must abide by its teaching.[2]

Accordingly, the order of the district court will be affirmed.

---

**2.** For other cases adhering to the procedure outlined in *Burns*, see Palomera v. Taylor, 344 F.2d 937 (C.A.10), cert. denied, 382 U.S. 946, 86 S.Ct. 405, 15 L.Ed. 2d 354 (1965); Gorko v. Commanding Officer, 314 F.2d 858 (C.A.10, 1963); Begalke v. United States, 286 F.2d 606, 148 Ct.Cl. 397, cert. denied, 364 U.S. 865, 81 S.Ct. 108, 5 L.Ed.2d 87 (1960); Thomas v. Davis, 249 F.2d 232 (C.A.10, 1957), cert. denied, 355 U.S. 927, 78 S.Ct. 385, 2 L.Ed.2d 358 (1958); Dickenson v. Davis, 245 F.2d 317 (C.A.10, 1957), cert. denied, 355 U.S. 918, 78 S.Ct. 349, 2 L.Ed.2d 278 (1958); Easley v. Hunter, 209 F.2d 483 (C.A.10, 1953).