Calvin WALKER, Petitioner–Appellee,

v.

Richard L. DUGGER, Secretary, Department of Corrections and Chester Lambdin, Superintendent, Respondents–Appellants.

No. 88–3083.

United States Court of Appeals,
Eleventh Circuit.

Nov. 22, 1988.

Ellen D. Phillips, Kellie A. Nielan, Asst. Attys. Gen., Daytona Beach, Fla., for respondents-appellants.

John A. Tucker, IV, Caven, Clark & Ray, Jacksonville, Fla., for petitioner-appellee.

Before VANCE and KRAVITCH, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

This is an appeal by Richard L. Dugger, Secretary, Department of Corrections, et al., from the district court's judgment granting Calvin Walker's pro se habeas corpus petition.

Calvin Walker was charged in 1984 with one count of committing a lewd act in the presence of a child under the age of fourteen. He pled no contest and was sentenced on November 15, 1985, to one year's probation. In 1986, during his probation period, Walker was arrested and charged with committing a lewd and lascivious assault on a child under the age of sixteen and with one count of violating probation. Walker pled no contest to both counts.

In sentencing Walker, the trial judge prepared a sentencing guidelines score-sheet pursuant to Florida's revised sentencing guidelines, Fla.R.Crim.P. 3.701 (West Supp. 1988). He listed the 1985 conviction as a prior record and the 1986 conviction as a primary offense. The combined score for Walker's offenses resulted in a recommended sentence of seven to nine years for the 1986 charges. Walker was sentenced to seven years' incarceration.

On April 2, 1987, Walker filed a motion pursuant to Fla.R.Crim.P. 3.850 to vacate or correct his sentence. Walker contended

that the court had erroneously characterized his 1985 conviction as a prior record rather than an additional offense, that the scoring method the court had utilized constituted double jeopardy, that the court had erred by assessing victim injury points, and that the court had erred by not allowing Walker credit for time served while he was on probation for the 1985 criminal conviction. The court denied the motion and a Florida appellate court affirmed without opinion.

Walker filed a federal petition for writ of habeas corpus on November 16, 1987, raising the same issues that he had presented in his state proceeding. On January 14, 1988, the district court granted Walker habeas relief and ordered the Florida courts to resentence Walker. The court concluded that Walker's 1985 conviction arose from a crime committed before the effective date of Florida's revised sentencing guidelines and therefore the use of these guidelines during Walker's 1986 sentencing violated the ex post facto clause of the United States Constitution. Appellants now contend that Walker did not exhaust his ex post facto claim in state court and because he did not assert the claim in his federal habeas petition, appellants did not have an opportunity to raise the exhaustion defense in the district court.

■ Appellants are correct in their contention that they were not given a fair opportunity to raise the exhaustion defense. The district court held that because Walker had *implicitly* raised an ex post facto claim in his federal habeas petition and appellants failed to plead exhaustion, appellants waived the right to raise the defense:

> Although the Petitioner did not raise the issue of an ex post facto violation in state court, the Petitioner did present all the facts upon which the ex post facto violation was based. Further, the Respondents have not raised the affirmative defenses of exhaustion or procedural default pursuant to *Anderson v. Harless*, 459 U.S. 4 [103 S.Ct. 276, 74 L.Ed.2d 3] (1982). Consequently, this Court is not precluded from reaching the merits

of the ex post facto issue. A liberal construction of the Petitioner's pro se pleadings reveals that Petitioner does raise the ex post facto violation by citing to pertinent federal constitutional cases as well as state cases which raise the ex post facto issue.

We disagree with the conclusion that Walker implicitly raised an ex post facto claim in his habeas petition. Under our rules of procedure, pleadings must give an opposing party fair notice of any claims asserted. In this case respondents did not have fair notice of an ex post facto claim. We recognize, as did the district court, that a pro se petitioner's pleadings are due particularly liberal construction. Yet even when a pro se litigant is involved, it is unreasonable to hold that a party has been put on fair notice of a claim simply because the opposing party has cited cases in a supporting memorandum that involve the claim. Such a rule would mean that the petition of a pro se litigant would raise every issue discussed, no matter how superficially, in every case cited in the petition or accompanying memoranda. This proliferation of the issues would be inconsistent with the purpose of pleadings under the Federal Rules of Civil Procedure. *See Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (purpose of the pleadings is to facilitate proper decision on the merits).

■ It is also clear that Walker did not exhaust an ex post facto claim before the Florida courts. A federal habeas petitioner is required to provide the state courts with a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim. *Picard v. Connor*, 404 U.S. 270, 276–77, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438 (1971). As the district court correctly noted, Walker did not expressly raise the ex post facto issue before the Florida courts and we think it equally clear that he did not *implicitly* raise the issue. The Supreme Court has rejected the theory that by presenting the facts on which an ex post facto violation is based a petitioner implicitly raises the claim. *See Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277,

74 L.Ed.2d 3 (1982) ("It is not enough that all the facts necessary to support the federal claim were before the state courts....").

Whether Walker's enhanced sentencing violated the ex post facto clause involves complex issues of federal and Florida law. In the interests of comity, the resolution of these issues or a determination as to whether they are procedurally barred should be decided in the first instance by the Florida courts. We therefore reverse the grant of habeas relief by the district court with instructions to dismiss without prejudice.

REVERSED AND REMANDED WITH INSTRUCTIONS.[1]

---

**1.** Appellee's motion to strike portions of appellants' brief is granted.