**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2009

No. 08-40713

Charles R. Fulbruge III
Clerk

DONALD R FLETCHER,

Petitioner - Appellant

v.

T C OUTLAW,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas

Before WIENER, GARZA, and ELROD, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Prisoner Donald R. Fletcher appeals the district court's denial of his 28 U.S.C. § 2241 petition. For the following reasons, we affirm.

I

In 1993, Fletcher was convicted by a general court-martial of premeditated murder and sentenced to a dishonorable discharge, life confinement, forfeiture of all pay and allowances, and a reduction to the grade of Private E1. On appeal, the United States Army Court of Criminal Appeals ("ACCA") affirmed the "findings of guilty and the sentence." The ACCA's memorandum opinion provided:

> The appellate defense counsel has raised numerous assignments of error, and the appellant has asserted, pursuant to *United States v. Grostefon*, 12 M.J. 431 (1982), additional errors in the court-martial proceedings. We have reviewed the record of proceedings and the briefs filed by the appellant and the government, and have carefully considered the oral arguments presented by counsel before this court. We find no merit in either the errors asserted by counsel for appellant or those raised personally by the appellant.

The United States Court of Appeals for the Armed Forces ("CAAF") summarily affirmed the ACCA's decision. Fletcher then filed numerous petitions for further relief, all of which were denied by the military courts.[1]

In December 1999, Fletcher filed a petition for a writ of habeas corpus, construed as arising under 28 U.S.C. § 2241, in the United States District Court for the Western District of Texas. That court transferred the petition to the United States District Court for the District of Kansas because Fletcher was then incarcerated in Fort Leavenworth, Kansas. Fletcher's habeas petition raised twenty-five grounds for relief. The Kansas district court dismissed fourteen of the claims on the ground that Fletcher had failed to present them to the military courts. The court denied relief on the remainder of the claims on the ground that the military courts had fully and fairly considered them, citing *Burns v. Wilson*, 346 U.S. 137 (1953), and *Lips v. Commandant, U.S. Disciplinary Barracks*, 997 F.2d 808, 812 n.2 (10th Cir. 1993).

In October 2006, Fletcher, then incarcerated in Texas, filed a § 2241 application in the United States District Court for the Western District of Texas. The Government filed an amended response, arguing that Fletcher's application

---

[1] Specifically, Fletcher filed a petition for extraordinary relief in the form of writ of habeas corpus with the ACCA. The ACCA summarily denied the petition. Fletcher filed a petition for extraordinary relief in the nature of a writ of error coram nobis with the ACCA, which the ACCA summarily denied. Fletcher filed a writ appeal petition for review of the ACCA's denial of his petition for extraordinary relief, which the CAAF summarily denied. Fletcher filed a motion to file a petition for reconsideration out of time; the CAAF granted the motion to file but denied the petition for reconsideration.

was barred by § 2244(a) as a successive application. The Government alternatively argued that the claims should be dismissed because they were given full and fair consideration by the military courts or they were not raised in the military courts. The magistrate judge determined that three of the claims raised by Fletcher in his § 2241 application were fully considered by the ACCA and/or the CAAF, and recommended that relief on these three claims be denied. The magistrate judge further determined that Fletcher's two remaining claims were not raised before the military courts, and since Fletcher had not shown cause and prejudice they were procedurally barred. Fletcher filed objections to the magistrate judge's report. Following a *de novo* review, the district court overruled Fletcher's objections, adopted the magistrate judge's report, and denied Fletcher's § 2241 application. Fletcher filed a timely notice of appeal.

## II

Federal courts have jurisdiction pursuant to 28 U.S.C. § 2241 over petitions for habeas corpus filed by individuals challenging military convictions. *See Burns v. Wilson*, 346 U.S. 137, 139 (1953). However, "in military habeas corpus the inquiry, the scope of matters open for review, has always been more narrow than in civil cases." *Id.* (citation omitted). If the military gave full and fair consideration to claims asserted in a federal habeas petition filed by a military prisoner, the petition should be denied. *Id.* at 144.

## III

Fletcher raised five claims in his § 2241 petition: (1) his counsel was ineffective in advising him to waive exculpatory DNA evidence; (2) the prosecutor withheld evidence; (3) the military judge gave an erroneous instruction regarding the burden of proof; (4) the evidence was insufficient to support a conviction; and (5) he was denied his counsel of choice.

The district court determined that the ineffective assistance and denial of counsel of choice claims were procedurally barred because Fletcher failed to raise

them in the military courts.  *See Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975) (observing that "federal courts normally will not entertain habeas petitions by military prisoners unless all available military remedies have been exhausted").  Fletcher has not argued that these claims are not procedurally barred.  Although we liberally construe the briefs of *pro se* appellants, arguments must be briefed to be preserved.  *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (citation omitted).  Therefore, since Fletcher has wholly failed to argue that the ineffective assistance and denial of counsel of choice claims are not procedurally barred for failure to exhaust all military remedies, he has abandoned these claims on appeal.

The district court further determined that Fletcher's three  remaining claims were raised before the ACCA and/or the CAAF.  However, the court concluded that it could not review these claims because they were given full and fair consideration by the military courts.  We agree.

The military has an independent criminal justice system governed by the Uniform Code of Military Justice ("UCMJ").  10 U.S.C. §§ 801 *et seq.*; *Burns,* 346 U.S. at 140*; Lips*, 997 F.2d at 810.[2]  The UCMJ is comprehensive and provides for, *inter alia*, courts-martial, appellate review, post-conviction relief, and limited certiorari review by the Supreme Court.  *See Burns,* 346 U.S. at 141; *Lips,* 997 F.2d at 810.  Due to the independence of the military court system, "special considerations are involved when federal civil courts collaterally review court-martial convictions." *Lips,* 997 F.2d at 810.

In *Burns*, the Supreme Court stated that "when a military decision has dealt fully and fairly with an allegation raised in that application [for habeas

---

[2] "The jurisprudence in this area has been largely developed by the United States Court of Appeals for the Tenth Circuit, because the United States Disciplinary Barracks at Fort Leavenworth, Kansas is located within that court's jurisdiction." *Sharp v. U.S. Army*, No. 9:04-CV-1070, 2008 WL 163595, at *3 (N.D.N.Y. Jan. 16, 2008) (unpublished).

corpus], it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." 346 U.S. at 142 (citation omitted). Reviewing the military decision, the Court determined that "the military courts have heard petitioners out on every significant allegation which they now urge." *Id.* at 144. The Court concluded:

> Accordingly, it is not the duty of the civil courts simply to repeat that process—to re-examine and reweigh each item of evidence of the occurrence of events which tend to prove or disprove one of the allegations in the applications for habeas corpus. It is the limited function of the civil courts to determine whether the military have given fair consideration to each of these claims.

*Id.* (citation omitted).[3] *Burns* placed the burden on the petitioner to show that the military review was legally inadequate to resolve his claims. *Id.* at 146.[4]

Applying *Burns* several years later, we noted that "[f]ederal courts have interpreted *Burns* with considerable disagreement" and that confusion existed regarding the proper scope of review in military habeas cases. *Calley v. Callaway*, 519 F.2d 184, 198 (5th Cir. 1975). After engaging in a thorough historical review of military habeas, we declared that review of a military conviction is appropriate only if four conditions are met: (1) the claim is of "substantial constitutional dimension;" (2) the issue is legal rather than one of disputed fact determined by a military tribunal; (3) there are no military

---

[3] Prior to *Burns,* a federal habeas court's review of a military prisoner's claims was limited to whether the military court properly had jurisdiction. *See, e.g., Hiatt v. Brown*, 339 U.S. 103, 111 (1950).

[4] Although the Supreme Court has not revisited the *Burns* scope of review since the passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996, members of the Supreme Court have cited *Burns* favorably since AEDPA's passage. *See, e.g., Boumediene v. Bush*, 128 S. Ct. 2229, 2286 (2008) (Roberts, C.J., dissenting) ("The scope of federal habeas review is traditionally more limited in some contexts than in others, depending on the status of the detainee and the rights he may assert." (citing *Burns,* 346 U.S. at 139)); *Clinton v. Goldsmith*, 526 U.S. 529, 537 n.11 (1999) (A servicemember "is entitled to bring a habeas corpus petition claiming that his conviction is affected by a fundamental defect that requires that it be set aside." (internal citation omitted) (citing *Burns*, 346 U.S. at 142)).

considerations that warrant different treatment of constitutional claims; and (4) the military courts failed to give adequate consideration to the issues involved or failed to apply proper legal standards. *Id*. at 199-203. We stated that federal civil courts "may not retry the facts or reevaluate the evidence, their function in this regard being limited to determining whether the military has fully and fairly considered contested factual issues." *Id*. at 203.

However, *Calley* does not provide direct guidance for the situation presented here; namely, how do we determine whether a military court gave full and fair review when the military court's opinions summarily dispose of the claims? The Tenth Circuit confronted this issue in *King v. Moseley,* 430 F.2d. 732 (10th Cir. 1970). In that case, the military prisoner's federal habeas claim had been summarily dismissed by the military Board of Review as "not [] meritorious nor requiring discussion." 430 F.2d at 734. The Tenth Circuit held that there was full and fair consideration of the claim under *Burns* because the facts and law had been fully presented to the military court. *Id*. at 735; *see also Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986) ("When an issue is briefed and argued before a military board of review, we have held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not consider the issue meritorious or requiring discussion."). Other courts have also concluded that where an argument has been briefed before a military court, full and fair review exists even if the military court summarily disposes of the issue. *See, e.g., United States ex rel Thompson v. Parker,* 399 F.2d 774, 775-76 (3d Cir. 1968); *Sanford v. United States,* 567 F. Supp. 2d 114, 118 (D.D.C. 2008); *Matias v. United States,* 19 Cl. Ct. 635, 646 (1990).

Here, the district court relied on *Burns* and *Watson* to conclude that the military courts had given Fletcher's claims full and fair consideration. We agree. Though Fletcher states at the conclusion of his appellate brief that he did not

receive full and fair consideration from the "lower courts," he does not make any specific arguments as to how the military courts failed to afford him adequate review. Construing his briefs liberally, it appears that Fletcher is arguing that he failed to receive full and fair consideration because the military courts were wrong on the merits of his habeas claims. This is not sufficient to show a lack of full and fair review. The record indicates that Fletcher fully briefed and argued these claims before the ACCA. Dismissing the claims, the ACCA stated that it had "reviewed the record of proceedings and the briefs filed by the appellant and the government, [had] carefully considered the oral arguments presented by counsel before this court," and found that the issues lacked merit. Absent any evidence that the military courts failed to afford him full and fair review, we conclude that Fletcher has failed to meet his burden of showing that the military review was legally inadequate to resolve his claims. *See Burns,* 346 U.S. at 146; *Calley,* 519 F.2d at 203. Therefore, review of Fletcher's habeas claims is inappropriate, and the district court properly denied his § 2241 application.

IV

For the foregoing reasons, we AFFIRM the district court's denial of Fletcher's § 2241 petition.