# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 6, 2021

Lyle W. Cayce
Clerk

No. 19-40277
Summary Calendar

Rafael Verdejo Ruiz,

*Petitioner—Appellant*,

*versus*

Derek Edge, *Warden, Federal Correctional Institution, Texarkana*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:18-CV-22

Before Davis, Stewart, and Dennis, *Circuit Judges*.
Per Curiam:*

Rafael Verdejo Ruiz, federal prisoner # 17670-035, appeals the dismissal of his 28 U.S.C. § 2241 petition as procedurally barred. Ruiz filed the § 2241 petition to challenge his military court convictions and sentences for rape of a person between the ages of 12 and 16; carnal knowledge with a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-40277

person between the ages of 12 and 16; and sodomy of a person between the ages of 12 and 16. The district court dismissed the petition based on its determination that Ruiz failed to exhaust the following § 2241 claims in the military courts: (1) Ruiz's constitutional rights were violated by the trial court's failure to instruct the jurors on the Government's burden to disprove the affirmative defense of mistake as to the victim's age beyond a reasonable doubt; (2) Ruiz's adjudged sentence is not being honored thereby causing his approved sentence to be enhanced; (3) trial counsel rendered ineffective assistance by not objecting to the issues raised in claims one and two; (4) appellate counsel rendered ineffective assistance by not raising issues one and two on appeal; and (5) appellate counsel rendered ineffective assistance with respect to Ruiz's supplemental assignment of error with the Air Force Court of Criminal Appeals in which he sought to raise ineffective assistance of trial counsel claims. On appeal, Ruiz contends that he established cause and prejudice to excuse the procedural default of those claims. He further contends that the district court abused its discretion in dismissing his § 2241 petition without conducting an evidentiary hearing.

Federal courts have jurisdiction pursuant to § 2241 over petitions for habeas corpus filed by individuals challenging military convictions. *See Burns v. Wilson*, 346 U.S. 137, 139 (1953). Before a petitioner convicted in military court raises habeas claims before this court, he must exhaust his military remedies. *See Fletcher v. Outlaw*, 578 F.3d 274, 276-77 (5th Cir. 2009); *Wickham v. Hall*, 706 F.2d 713, 715 (5th Cir. 1983) (citing *Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975)). A district court's dismissal of a § 2241 petition for failure to satisfy the exhaustion requirement is reviewed for an abuse of discretion. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

Based on our review of the record and submissions, we are unpersuaded that Ruiz demonstrated an excuse for the procedural default of his claims based on ineffectiveness of appellate counsel, *see Murray v. Carrier*,

477 U.S. 478, 488 (1986), the purported loss of his trial record, *see Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992), actual innocence, *see Reed v. Stephens*, 739 F.3d 753, 767 (5th Cir. 2014), or *Martinez v. Ryan*, 566 U.S. 1, 16-17 (2012).  We are likewise unpersuaded by Ruiz's arguments regarding the forfeiture component of his sentence.  *See* 10 U.S.C. § 858b. Accordingly, Ruiz has failed to show that the district court abused its discretion in dismissing his § 2241 petition for failure to exhaust his military remedies without conducting an evidentiary hearing.  *See Fletcher*, 578 F.3d at 276-77; *Fuller*, 11 F.3d at 62; *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

We will not review the plethora of new claims Ruiz has raised for the first time in the many briefs and motions he has filed before this court.  *See Fillingham v. United States*, 867 F.3d 531, 539 (5th Cir. 2017).  Accordingly, the district court's dismissal of Ruiz's § 2241 petition is AFFIRMED.  With the exception of Ruiz's motion to supplement his reply brief, which is GRANTED, all outstanding motions are DENIED.