[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 20-10427

Non-Argument Calendar

————————————

STEVEN M. CHAPMAN,

Petitioner-Appellant,

*versus*

WARDEN, FCC COLEMAN - USP II,

Respondent-Appellee.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:17-cv-00040-MSS-PRL

————————————

Before JORDAN, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Steven Chapman, a federal prisoner who was convicted in a military court-martial pursuant to the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 801 *et seq.*, appeals, through counsel, the district court's denial of his *pro se* 28 U.S.C. § 2241 petition for a writ of habeas corpus. Chapman brought three claims in his § 2241 petition: (1) whether the military judge was required to *sua sponte* give an instruction about false confessions because the instruction was implicated by the trial evidence; (2) whether his trial counsel was ineffective based on counsel's failure to use the already-retained psychologist to investigate whether he was susceptible to coercive interrogation techniques; and (3) whether his appellate counsel was ineffective when counsel refused to raise the unlawful search and seizure of his mental health records as a *Grostefon*[1] issue on appeal. The district court determined the three issues were procedurally barred, and alternatively denied the ineffective assistance of counsel claims on the merits.

On appeal, Chapman asserts the district court erred in denying his § 2241 petition because the military courts did not give full and fair consideration to his claims because "[a]t no point have his

---

[1] *United States v. Grostefon*, 12 M.J. 431, 435-37 (C.M.A. 1982) (explaining a defendant can personally raise issues on appeal that his counsel believes are frivolous).

20-10427                Opinion of the Court                3

issues been meaningfully discussed on the record by a military court." He also contends his claims are not procedurally barred because the military courts did not rely on a procedural bar when denying him relief. After review,[2] we affirm the district court.

## I. DISCUSSION

The military criminal justice system is governed by the UCMJ, 10 U.S.C. §§ 801-946a, which provides for courts-martial, *id.* §§ 816-829; appellate review by both a branch-specific Court of Criminal Appeals and the Court of Appeals for the Armed Forces (CAAF), *id.* §§ 866-67; and limited *certiorari* review by the Supreme Court, *id.* § 867a. A general court-martial consists of a presiding military judge and eight members, who vote on the factual findings. 10 U.S.C. §§ 816(b)(1), 851.

The UCMJ and the military justice system generally do not provide for collateral review of convictions. *United States v. Murphy*, 50 M.J. 4, 5-6 (C.A.A.F. 1998). Accordingly, servicemembers who raise ineffective-assistance claims typically do so on direct appeal as *Grostefon* issues, including claims based on appellate counsel. *Id.* at 8; *United States v. Shadricks*, 78 M.J. 720, 722 & n.1 (A.F. Ct. Crim. App. 2019); *see also United States v. Adams*, 59 M.J. 367, 368 (C.A.A.F. 2004) (addressing a claim based on ineffective assistance of appellate counsel that was raised in a petition to the

---

[2] "When reviewing the denial of a [§ 2241] petition for a writ of habeas corpus, we review *de novo* questions of law and for clear error factual findings." *Andrews v. Warden*, 958 F.3d 1072, 1076 (11th Cir. 2020).

CAAF).  When a defendant raises an ineffective-assistance claim on direct appeal, a military appeals court may order that an evidentiary hearing be held to develop the factual record.  *United States v. Wean*, 37 M.J. 286, 287-88 (C.M.A. 1993).

Military courts have limited ability under the All Writs Act, 28 U.S.C. § 1651, to issue writs of habeas corpus, as their jurisdiction to do so ends once direct review has been completed and the court-martial is final.  *See Chapman v. United States*, 75 M.J. 598, 600 (A.F. Ct. Crim. App. 2016) (concluding there was no jurisdiction over a habeas petition once a conviction was final); *see also Sutton v. United States*, 78 M.J. 537, 541 (A.F. Ct. Crim. App. 2018) (same, but in the context of writs of mandamus and prohibition); *cf. Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005) (concluding there was jurisdiction over a habeas petition where the conviction was not final).  However, military courts do have jurisdiction to issue the writ of error *coram nobis* after a conviction is final because *coram nobis* is an extension of the original proceeding.  *United States v. Denedo*, 556 U.S. 904, 912-13, 917 (2009).

Civilian courts have jurisdiction under § 2241 over habeas petitions that challenge military convictions, but review in this context is narrower than in other contexts.  *Burns v. Wilson*, 346 U.S. 137, 139 & n.1 (1953) (plurality opinion); *see also Calley v. Callaway*, 519 F.2d 184, 194-98 (5th Cir. 1975) (*en banc*) (providing an historical overview of federal habeas review of military

20-10427                Opinion of the Court                5

convictions).[3]  When a military decision has dealt fully and fairly with an allegation raised in a habeas corpus petition, a district court is without authority to grant the writ simply to re-evaluate the evidence. *Burns*, 346 U.S. at 142.  Rather, it is the limited function of the district court to determine whether the military court has given fair consideration to the petitioner's claims. *Id.* at 144.  In *Calley*, the former Fifth Circuit applied *Burns* and held that review of a military conviction is appropriate only if four conditions are met: (1) the claim is of "substantial constitutional dimension;" (2) the issue is one of law, rather than one of disputed fact determined by a military tribunal; (3) there are no military considerations that warrant different treatment of constitutional claims; and (4) the military courts failed to give adequate consideration to the issues involved or failed to apply proper legal standards.   519 F.2d at 199-203.  A petitioner has the burden of showing that the military courts were "legally inadequate" to resolve his claims. *Burns*, 346 U.S. at 146.

The district court did not err in denying Chapman's § 2241 petition because he failed to timely raise his ineffective-assistance claims and false-confessions-instruction claim before the military courts. *See Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975) (explaining a federal court will not normally entertain a habeas petition by a military prisoner unless all available military remedies

_____

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

have been exhausted); *Smith v. Jones*, 256 F.3d 1135, 1138-39 (11th Cir. 2001) (stating a failure to exhaust a claim matures into a procedural default as soon as the once available remedy is closed); *see also Lips v. Commandant, U.S. Disciplinary Barracks*, 997 F.2d 808, 812 (10th Cir. 1993)[4] (analogizing procedural default in the § 2254 context and the military context).. Chapman never raised the three claims from his § 2241 petition on direct appeal, including his ineffective-assistance claims, even though he had a genuine opportunity to do so. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (stating a prisoner "must give the . . . courts one full opportunity to resolve any constitutional issues by invoking one complete round of the . . . established appellate review process" and holding a petitioner's failure to timely present three of his federal habeas claims to the state supreme court, where review was no longer available, resulted in the claims being procedurally defaulted). Even though Ground Three alleges ineffective assistance of appellate counsel, he could have raised this claim as a *Grostefon* issue in his petition to the CAAF, so it should have been exhausted. *See Adams*, 59 M.J. at 368; *Murphy*, 50 M.J. at 8. Also, before his conviction was final, Chapman could have raised his three claims in a habeas petition filed with the military courts, which he did not do. *See Loving*, 62 M.J. at 246.

---

[4] As the Fifth Circuit has noted, most of the caselaw concerning habeas review of military convictions is from the Tenth Circuit because the United States Disciplinary Barracks is located at Fort Leavenworth, Kansas. *Fletcher v. Outlaw*, 578 F.3d 274, 277 n.2 (5th Cir. 2009).

20-10427          Opinion of the Court          7

As Chapman did not timely raise his three claims during his court-martial—either on direct appeal or before the military courts lost jurisdiction to consider a habeas petition—his failure to exhaust his claims matured into procedural default once his conviction became final and the military courts lost jurisdiction over habeas relief. *See Boerckel*, 526 U.S. at 848; *Smith*, 256 F.3d at 1138-39; *Chapman*, 75 M.J. at 600. To the extent Chapman argues the military courts did not rely on the procedural bar when denying his petition, he is incorrect as both the Air Force Court of Criminal Appeals and CAAF dismissed his third habeas petition on jurisdictional grounds because the court-martial had concluded. *See Harris v. Reed*, 489 U.S. 255, 261-62 (stating to enforce the procedural bar, the "court must actually have relied on the procedural bar as an independent basis" when disposing of the case).

Other than his conclusory assertions, Chapman has not shown the military courts were legally inadequate to handle his claims, and he has not explained why he failed to timely raise his three claims before those courts. *See Burns*, 346 U.S. at 146. Notably, in his direct appeal, Chapman personally raised many *Grostefon* issues, including some in a supplemental petition to the CAAF, which shows that Chapman knew how to raise additional claims had he wanted to do so. Although Chapman argues his ineffective-assistance claims cannot be procedurally defaulted, habeas review of military convictions is limited as compared to civilian convictions, *see Burns*, 346 U.S. at 139, and military courts typically address ineffective-assistance claims on direct review, such

that Chapman's failure to raise them on direct appeal should not be excused.

## II.  CONCLUSION

Because the three claims brought in Chapman's § 2241 petition are procedurally barred, we affirm the district court.[5]

**AFFIRMED.**

---

[5] Because we affirm on this basis, we need not reach the district court's other reasons for denying Chapman's petition, such as whether the military courts fully and fairly considered his claims. *See Andrews*, 958 F.3d at 1076 (stating we may affirm on any ground supported by the record).  We also need not consider the claims Chapman raises for the first time in this appeal that he did not assert in his § 2241 petition. *See Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994) (stating a party may not raise an issue for the first time on appeal and declining to review a habeas claim that had not been raised before the district court).  Lastly, we do not grant his request to refile his § 2241 petition with counsel, as his *pro se* status did not excuse him from having to present all his claims to the district court. *See id.*; *Walker v. Dugger*, 860 F.2d 1010, 1011 (11th Cir. 1988) (acknowledging that *pro se* pleadings are due liberal construction, but still requiring them to give notice of a claim).  And, to the extent Chapman argues the Air Force Court of Criminal Appeals treated his petition differently than it did other petitions, he has waived this claim by raising for the first time in his reply brief. *See Jackson v. United States*, 976 F.2d 679, 680 n.1 (11th Cir. 1992) (stating a party may not raise an issue for the first time in his reply brief).