# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2022

Lyle W. Cayce
Clerk

No. 20-10841

Lonnie L. Foster,

*Petitioner—Appellant*,

*versus*

NFN Warden, Federal Detention Center, Seagoville;
United States Parole Commission; Mansfield Law
Enforcement Center,

*Respondents—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:20-CV-389

Before Dennis, Southwick, and Wilson, *Circuit Judges*.

Leslie H. Southwick, *Circuit Judge*:

This appeal presents a question of mootness. A former military prisoner, while serving a term of supervised release, violated a condition of his supervision. After being arrested and while being detained, he brought the current lawsuit and claimed that the condition was unconstitutional. He has been released, and his term of supervision has ended. He continues this suit in part because he has been denied all veterans' benefits due to the violation of a condition of supervision. Our issue is whether the denial of the

No. 20-10841

benefits is a collateral consequence sufficient to avoid finding his claim to be moot now that he has completed his term of supervision. We conclude that it may be, but there was no development of that issue in district court. We therefore VACATE and REMAND to the district court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2006, Lonnie Foster was a staff sergeant in the United States Army stationed at Fort Hood, Texas. He was convicted that year by a general court-martial of sex crimes and sentenced to 15 years in a military prison. After serving nine years in the prison at Fort Leavenworth, Kansas, he was released and made subject to a six-year period of parole. A requirement of his parole seems to have been participation in sex-offender group treatment.

Foster has claimed that this condition was unconstitutionally imposed upon his release by a civilian parole commission and not by the court-martial that sentenced him. He has also claimed that the condition violates his Fifth Amendment right against self-incrimination. The record does not contain any evidence of the Army's consideration of granting parole or supervised release to Foster. His supervision has been by a civilian probation office. Foster apparently was not a compliant participant in some of his group treatment, and his probation officer recommended that a warrant issue for his arrest. Foster was arrested and jailed for parole violations.

While detained, Foster filed a claim under 28 U.S.C. § 2241 in the United States District Court, Northern District of Texas. He challenged the imposition of the group treatment condition, his confinement, and the deprivation of his due process rights.[1] He sought the appointment of counsel

---

[1] A Section 2241 application is the proper pleading for challenging the manner in which a sentence is being executed. *See United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). Typically, filing a Section 2255 motion in the court of conviction is the means for

No. 20-10841

to press his claim.[2]  By the time the magistrate judge issued a report and recommendation on the claim, Foster had been released.  Because Foster was no longer detained, the magistrate judge recommended Foster's claims be dismissed as moot.  The magistrate judge also terminated Foster's motion to appoint counsel as moot.

Foster objected to the magistrate judge's report and recommendations.  Foster argued that the case was not moot because his violation of the group treatment condition, which he argued was unconstitutional, resulted in the termination of his Veterans Administration ("VA") benefits in May 2020.  The district court, though, concluded that the case was moot, stating: "The alleged Constitutional violations do not concern the fact and duration of confinement and so are not cognizable in this habeas corpus action."  Foster appealed.

Our understanding of the case is complicated by the fact that the suit was dismissed without the district court's requiring a response from the government.  Thus, factual details and legal argument come almost exclusively from Foster.  We are remanding, and a response from the government should be ordered.

---

challenging a conviction or the revocation of a term of supervised release.  *See Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990).  A military court-martial, though, *i.e.*, the court consisting of other military servicemembers, is disbanded at the end of the prosecution, leaving a petitioner no court of conviction in which to file a Section 2255 motion.  *See Fletcher v. Outlaw*, 578 F.3d 274, 276 (5th Cir. 2009).  Consequently, a Section 2241 application filed in federal district courts has been recognized as the means for contesting a military conviction.  *Id.*  Section 2241 also provides the means to challenge a decision by the United States Parole Commission.  *See Cox*, 911 F.2d at 1114.  Foster also sought relief for civil rights violations under the Prison Rape Elimination Act.  That claim was severed and is not before this court.

[2] After his arrest and detention, Foster received appointed counsel in relation to his parole violation.  Counsel has not been appointed in the present case.

No. 20-10841

## DISCUSSION

Mootness deprives a court of jurisdiction. *See Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990). A district court's determination of mootness is reviewed *de novo*. *DeMoss v. Crain*, 636 F.3d 145, 150 (5th Cir. 2011). "A claim is moot when the parties are no longer adverse parties with sufficient legal interests to maintain the litigation." *Id.* (quotation marks and citation omitted). "In criminal cases . . . a defendant wishing to continue his appeals after the expiration of his sentence must suffer some 'continuing injury' or 'collateral consequence' sufficient to satisfy Article III." *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011). When the defendant challenges an expired sentence, the defendant bears the burden of identifying an ongoing collateral consequence that can be traced to the challenged sentence and that a favorable decision will likely redress. *Id.*

Some of Foster's claims are in fact moot. The period Foster was required to be under supervised release has now expired. Foster is also no longer detained, though he was incarcerated for a time due to the alleged failure to participate properly in the treatment program. It is unclear from the record before us whether formal revocation proceedings occurred.

Foster alleges various grounds for finding the imposition of the condition unconstitutional, but his filings largely focus on two theories. First, Foster argues that the condition is unconstitutional because it was imposed by the United States Parole Commission upon his release in 2015, not by the court-martial at the time of his sentencing in 2006. It appears that parole conditions are often — if not always — set by the Army Clemency and Parole Board when a prisoner is being considered for release, not by the court-martial at the time of conviction and initial sentencing. *See* Army Reg. 15–130, Army Clemency and Parole Board, ¶ 2-2 (19 Nov. 2018). Military offenders who are paroled are supervised by the United States Probation Office, not by a military office. *See id.* at ¶¶ 3-2, 3-3. Our discovery of what

4

Army Regulations permit does not reveal what actually occurred as to Foster, nor does it address whether the condition was constitutionally imposed.

Second, Foster insists that the condition itself was unconstitutional because successfully completing the group treatment sessions required an admission of guilt. Foster claims that this violated his Fifth Amendment right against self-incrimination, and he refused to admit guilt so that he could pursue a writ of *coram nobis* to establish his innocence.

At this stage, we consider only mootness. Foster argues that his claims remain viable because of collateral consequences resulting from his alleged violation of the special condition. The Department of Veterans Affairs notified him that his benefits were terminated because he was a "fugitive felon as defined in 38 U.S.C. § 5313B." When notifying Foster of the termination, the VA referred to the warrant issued after his violation of a condition of release. It then quoted the statutory definition of a "fugitive felon" as a person who violates "a condition of probation or parole imposed for commission of a felony." 38 U.S.C. § 5313B(b)(1)(B). The VA stated to Foster that he would have to provide evidence showing that he was not a fugitive felon in order to resume his benefits. The VA then offered examples of ways that Foster might prove this, such as providing "evidence that a court specifically determined the warrant void from its inception," or evidence that "parole or probation was not violated."

Foster raised his collateral consequence issue in the district court, where he stated that he was seeking exoneration on various grounds, including the invalidity of the condition and lack of any violation of a valid group treatment condition. The district court did not address the collateral consequence issue.

Foster's argument is that the loss of VA benefits is one of the "disabilities [that] may attach to a convicted defendant even after he has left

prison," which permits former prisoners to "challenge the legality of their convictions even when their sentences have been served." *North Carolina v. Rice*, 404 U.S. 244, 247 (1971). Among these are the inability to "engage in certain businesses," "serve as an official of a labor union for a specified period of time," "serve as a juror," or vote. *Carafas v. LaVallee*, 391 U.S. 234, 237–38 (1968). These deprivations can be important when considering a challenge both to the underlying conviction and to the sentence imposed. *Pollard v. United States*, 352 U.S. 354, 483–84 (1957).

There is little authority on whether the denial of benefits such as those provided by the VA would be a collateral consequence sufficient to defeat an otherwise moot habeas petition. One of the few opinions that has considered this issue is the Tenth Circuit's decision in *Lorance v. Commandant, U.S. Disciplinary Barracks*, 13 F.4th 1150 (10th Cir. 2021) (petition following pardon). There, an army officer had been convicted by a court-martial of murder. *Id.* at 1151. The officer filed a federal habeas petition after exhausting his direct appeals. *Id.* Three days later, he received a full and unconditional pardon from the President. *Id.* at 1152. The government sought dismissal of the habeas petition on the grounds of mootness. *Id.* Lorance opposed the dismissal "because he continued to suffer collateral consequences from his convictions." *Id.* The Tenth Circuit held that the pardon did not constitute a legal admission of guilt and that Lorance "sufficiently allege[d] ongoing collateral consequences from his conviction . . . rendering [the case] not moot." *Id.* at 1151. The court also stated that "vacating the convictions would alleviate some of their collateral consequences. Specifically, it would impact Lorance's criminal history, ability to obtain military benefits, and likelihood of passing a bar character and fitness investigation." *Id.* at 1165.

We consider the *Lorance* approach potentially to be valid. Foster's loss of VA benefits due to his violation of the condition challenged in his

petition may be an ongoing collateral consequence that prevents this case from being moot.  In the absence of briefing from the government, though, we do not make such a holding.  This will be an issue for the district court to consider after briefing on remand.  Whether Foster's claims are sufficient to support appointment of counsel can be reconsidered in light of the government's brief.

Our decision today in no way intimates a view on the viability of Foster's claims.  Our only holding today is that at this point the claims have not been shown to be moot.

We VACATE the district court's order dismissing the case and REMAND for further proceedings consistent with this opinion.