# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2022

Lyle W. Cayce
Clerk

No. 22-50019
Summary Calendar

Paul Anthony Riojas,

*Petitioner—Appellant*,

*versus*

Department of the Army; John E. Whitley, *Secretary of the Army*,

*Respondents—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CV-1054

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Paul Anthony Riojas appeals the judgment of the district court dismissing his collateral attack on his court-martial conviction. We affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-50019

Riojas pleaded guilty to and was convicted of one specification of disobeying an order from a superior commissioned officer and one specification of sexual abuse of a child. *United States v. Riojas*, 2018 WL 5619958, at *1 (Army Ct. Crim. App. Oct. 26, 2018). He ultimately appealed the judgment to the Court of Appeals for the Armed Forces ("CAAF"), which denied his petition for review. *United States v. Riojas*, 78 M.J. 346, 346 (C.A.A.F. 2019).

Riojas then filed *coram nobis* petitions with the Army Court of Criminal Appeals ("ACCA") and the CAAF, claiming ineffective assistance of counsel in his initial proceedings. Both summarily denied his petition. The ACCA wrote in full: "On consideration of the Petition for Extraordinary Relief in the Nature of a Writ of Error Coram Nobis, the petition is DISMISSED."

Thereafter, Riojas filed this suit in the district court collaterally attacking his court-martial conviction on Fifth and Sixth Amendment grounds. The district court found he failed to state a claim on both grounds: as to the Fifth Amendment claim, the district court found the military courts "fully and fairly" considered Riojas's due process claims on direct appeal. Then, the district court found the Sixth Amendment claim was fully and fairly considered by the ACCA when it denied his *coram nobis* petition. Riojas appeals only the Sixth Amendment holding, contending that the ACCA did not fully and fairly consider his ineffective-assistance claim.

We review a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) de novo. *Wampler v. Sw. Bell Tel. Co.*, 597 F.3d 741, 744 (5th Cir. 2010). When a petition collaterally attacks a decision by the military court, "it is the limited function of the civil courts to determine whether the military has given fair consideration" to the claims

No. 22-50019

raised in that collateral attack. *Burns v. Wilson*, 346 U.S. 137, 144 (1953).[1] In *Fletcher*, we explained that even a summary disposition by a military court constitutes "full and fair consideration" provided that the petitioner "fully briefed and argued these claims before the ACCA." *Fletcher*, 578 F.3d at 278.

*Fletcher* resolves this appeal. Like the petitioner in *Fletcher*, Riojas fails to identify how his Sixth Amendment claim was not fully briefed or considered by the ACCA. He presented several pages of briefing to the ACCA on his ineffective-assistance claim in his *coram nobis* petition. The ACCA considered the petition, but denied it. Therefore, he was afforded "full and fair review," *id.* at 278-79, and the district court did not err when it dismissed his claim.

For the foregoing reasons, the judgment is AFFIRMED.

---

[1] To the extent Riojas argues the ACCA abused its discretion when it engaged in a summary disposition "by ignoring relevant facts and law in Riojas's case," we note that exceeds our limited review. *See Fletcher v. Outlaw*, 578 F.3d 274, 278 (5th Cir. 2009) ("[I]t appears that [petitioner] is arguing that he failed to receive full and fair consideration because the military courts were wrong on the merits of his habeas claim. This is not sufficient to show a lack of full and fair review.").