CLD-127                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1218
_____

MICHAEL GULLINESE,
                                        Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-22-cv-07592)
District Judge:  Honorable Robert B. Kugler
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 20, 2023

Before:  GREENAWAY, JR., MATEY, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: June 2, 2023)
_____

OPINION[*]
_____

**PER CURIAM**

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Michael Gullinese appeals from an order of the District Court summarily dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, we will summarily affirm the District Court's dismissal of his petition. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2010, Gullinese pleaded guilty in the United States District Court for the Northern District of New York to receipt and possession of child pornography and was sentenced to sixty months' imprisonment and a supervised release term of life. In 2018, Gullinese pleaded guilty to violating the terms of his supervised release and was sentenced to sixty months' imprisonment. Gullinese did not appeal or seek collateral relief pursuant to 28 U.S.C. § 2255 related to either judgment of conviction.

In December 2022, Gullinese filed a habeas petition pursuant to § 2241, challenging the sentence he received for violating the terms of his supervised release. He additionally asserted a claim for ineffective assistance of counsel, for failing to object to the excessive sentence. The District Court sua sponte dismissed the petition for lack of jurisdiction. Gullinese appeals.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. In reviewing the District Court's dismissal of the § 2241 petition, we exercise plenary review over its legal conclusions. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

2

In support of his appeal, Gullinese argues that the District Court incorrectly concluded that he was required to assert his claims in a 28 U.S.C. § 2255 motion. Gullinese asserts that because he means to challenge the execution, not the legality, of his sentence, his claims were properly brought under § 2241. We disagree.

Collateral challenges to the legality of a federal conviction and sentence must ordinarily be raised in a motion under 28 U.S.C. § 2255, filed in the sentencing court. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); 28 U.S.C. § 2255(a). By contrast, challenges to the execution of a sentence must be raised in a habeas corpus petition under 28 U.S.C. § 2241, filed in the prisoner's district of confinement. 28 U.S.C. § 2241(a).[1] Though Gullinese asserts that his claims challenge the *execution* of his sentence, the claims included in his petition specifically attack his supervised release revocation proceeding and the sentence imposed in that proceeding by the sentencing court. See Appellant's Petition, Dkt No. 1, at 6 (claiming that he is "serving an excessive sentence" because the imposition of his sentence "exceeded the maximum allowable").

While it is true that Gullinese is not challenging his underlying conviction or sentence, § 2255 is applicable here because he is challenging the imposition of his

---

[1] Section 2241 may be used to challenge a conviction or sentence if § 2255 would be "inadequate or ineffective to test the legality of [petitioner's] detention," 28 U.S.C. § 2255(e), but Gullinese does not seek § 2241 review on that basis and nothing in the record suggests that § 2255(e) applies to him. Additionally, because Gullinese filed his petition in the District of New Jersey (where he is currently confined) and not the Northern District of New York (where he was convicted and sentenced), the District Court correctly concluded that it lacked jurisdiction over his claims.

sentence by the district court, rather than the execution of that sentence by the Bureau of Prisons. See Foster v. NFN Warden, Fed. Detention Ctr., Seagoville, 31 F.4th 351, 353 n.1 (5th Cir. 2022) (citing Cox v. Warden, 911 F.2d 1111, 1113 (5th Cir. 1990)) ("Typically, filing a Section 2255 motion in the court of conviction is the means for challenging a conviction or the revocation of a term of supervised release."); see also Okereke, 307 F.3d at 120.[2]

Therefore, we will summarily affirm the District Court dismissal of Gullinese's § 2241 petition. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[2] On appeal, Gullinese states that "most courts have simply assumed that § 2255 is the proper vehicle for supervised release claims" and argues that such a position is "erroneous." 3d Cir. ECF No. 13, at 1. Gullinese fails, however, to point to any legal authority supporting this position and we have found none.